## ALIMONY.

### Circuit Court of Cuyahoga County.

### W. F. HRIBAL v. MARIE HRIBAL.

#### Decided, October 26, 1908.

*Husband and Wife—Allowance of Alimony—May be Modified Because of Changed Circumstances—But a New Action for a New Allowance not Permissible.*

While a former decree of court allowing a wife permanent alimony in a lump sum remains unimpeached, she will not be permitted after exhausting the amount awarded her to maintain a new and independent action for a new allowance.

*Conway W. Noble,* for plaintiff in error.
*F. C. Friend,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Marie Hribal filed a petition in the court of common pleas against W. F. Hribal, averring that she is a *bona fide* resident of Cuyahoga county; that she is the wife of the defendant, W. F. Hribal; that the defendant, wholly disregarding his duty and obligations toward her, has grossly neglected his duty to her; and she says that on the 1st of September, 1904, the defendant willfully deserted her, and from that time forward

has refused to live with her, or to contribute anything to her support. She says, however, that in September, 1904, she brought suit against defendant for alimony; that she obtained a decree for alimony in that suit in the sum of $600; that this has been paid to her, and that she has expended it, all in her reasonable and necessary support; that she is now destitute; that the defendant has property and has an income as a practicing physician, and she prays for a judgment for alimony against him.

After the bringing of this suit she filed a motion in the court for alimony *pendente lite*. Upon the hearing of this motion the court ordered that the defendant should pay to the plaintiff the sum of $25 per month, and an additional sum of $25 as for attorney's fees. To this order the defendant below prosecutes error here.

The position taken by the plaintiff in error being, that with the former decree of the court allowing the plaintiff $600 alimony remaining unimpeached, she is not entitled now to an order for further alimony.

In this contention we think the plaintiff in error is right. There are numerous cases where by reason of the change in circumstances of the parties, in cases where alimony has been allowed, the court has, upon motion, modified the former order and allowed additional alimony, but we know of no case in Ohio where additional alimony has been allowed after the decree for permanent alimony, except by modification of the former order, and it seems to us upon principle that one should not be permitted to maintain a new and independent action for alimony, after having recovered a judgment for permanent alimony, and such alimony has been paid. If this might be done, litigation, almost endless, might result. The wife at any time, after having obtained a decree for alimony, might bring a new suit and again recover alimony and so on month after month and year after year. *Bursler* v. *Bursler*, 22 Mass. (5 Pick.), 427.

Holding as we do that the plaintiff below is not entitled to prosecute the action brought by her, it follows that the court erred in allowing alimony *pendente lite*, and because of this the judgment is reversed.